UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Benedict Emesowum <br> *Plaintiff* <br><br> v. <br><br> City of Houston, Charles McClelland, John Doe I, John Doe II <br> *Defendants* | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) <br> ) |

## JURISDICTION and VENUE

1. This honorable federal court has jurisdiction pursuant to 28 U.S.C. 1331 which gives federal courts original jurisdiction over claims arising from constitution, laws/statutes, and treaties of the United States; this civil action involves violations by the defendants, City of Houston, Charles McClelland, Officer John Doe I, and Officer John Doe II of federal statutes/laws, Texas laws, and constitutionally protected 4th, 5th, and 14th amendment rights.

2. This venue is appropriate because the incident in question occurred in Houston near 1736 Wirt rd, within this district.

3. The defendant, City of Houston, is located inside this district of Texas in Harris County.

4. There is good reason to believe that defendants, Police Chief Charles McClelland, Hispanic officer from Honduras whose name is unknown at this time but will be referred to henceforth as John Doe I, and Asian officer whose name is unknown but will be referred to henceforth as John Doe II who all work as police officers for the City of Houston reside in this district of Texas.

5. Plaintiff at the time of the incident resided in Houston, Texas.

6. The amount in controversy exceeds $75,000

7. Pursuant to the seventh amendment to the U.S. Constitution, the plaintiff hereby requests a **jury trial.**

## ORIGINAL COMPLAINT

8. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988 for intentional and/or negligent infliction of emotional distress, loss of freedom, negligence, negligent supervision, gross negligence, assault, seizure of property, false arrest, false imprisonment and invasion of privacy.

9. While Hispanic Officer John Doe I was acting under the scope of his employment and under the color of state law as a City of Houston employee, he intentionally made an unlawful, and malicious detention; illegal and unreasonable search and seizure of Plaintiff's person, wallet, and car; invasion of privacy; and unlawful imprisonment of Plaintiff. Asian Officer John Doe II made an illegal search of Plaintiff's car, invasion of his privacy, and verbal assault of Plaintiff. The actions of the defendants caused injury to Plaintiff emotionally, mentally, physically, of his reputation, and of his sense of safety and security in the city.

10. A cause of action is also brought against the City of Houston for its egregious failure to properly train, supervise, and educate the defendants on the laws of the country & state, its policies, procedures, and practices including but not limited to handling a case of false/erroneous 911 call or police report. For failure to properly train and supervise its emergency dispatch personnel on how to collect sufficient information when an alleged crime is called in and how to properly relay such information to the police being

dispatched to avoid wrongful injury, death, or harassment of lawful and unarmed citizens and individuals. This negligence by city of Houston is so egregious because Plaintiff as with many other individuals around the country could have been wrongfully injured or killed by police without cause.

**FACTS**

11. At about 5:30 pm On July 20, 2015 Plaintiff, Benedict Emesowum, transported a salvage vehicle, a 1997 Mercedes-Benz, purchased from an auto auction and parked it at a parking lot (where he had the authority to park) around 1736 Wirt rd, Houston Texas 77055.

12. There was a McDonald's restaurant and other businesses in and around this parking lot area.

13. From about 8pm Plaintiff returned to where he had parked the vehicle and gradually began inspecting and cleaning the vehicle. Plaintiff realized one of the head lamps on the vehicle would not turnoff even after switching off the vehicle so Plaintiff worked on fixing it or otherwise disconnecting the battery to prevent it from running down, as well as other minor issues expected from a salvage vehicle.

14. Plaintiff continued working on the vehicle at about 11:00 pm Plaintiff began cleaning the exterior of the vehicle just before he had to leave to catch the last Route 20 bus that left the area at about 11:33 pm.

15. At about 11:16 pm am or thereabout, three minutes after an unknown and unreliable informant called for police that a car was being broken-into, officers John Doe I and John Doe II arrived. According to dispatch records, the informant stated that the vehicle being broken into was a "Toyota Corolla" but Plaintiff's vehicle was a Mercedes-Benz. The

caller was on the phone with 911 dispatchers for about a whole minute but at no point in time did he state that nor was he asked if he saw the alleged individual with a weapon of any kind. Even though the caller alleged that a vehicle was being "broken into" at no point in time throughout this period that this alleged crime was in progress did he state that the individual had gained entry into the vehicle or in what manner the vehicle was being broken into nor was he asked these questions by dispatchers.

16. Upon arriving the scene, Hispanic (from Honduras) officer John Doe I parked right behind Plaintiff's car while Plaintiff was scraping off the marker used to inscribe on the windshield by the dealership.

17. Plaintiff observed the police cruiser and then continued what he was doing, a few seconds later the officer came around to the front and confronted Plaintiff asking if he was the owner of the vehicle and Plaintiff told him yes that he owns the vehicle.

18. John Doe I then proceeded to tell Plaintiff that a burglary was called in and told Plaintiff to put his hand behind his back that he would be handcuffed.

19. Plaintiff verbally protested that he can't do that that this is his car and he has the car key in his possession.

20. John Doe I continued to handcuff Plaintiff and then dragged Plaintiff to his cruiser.

21. While in front of the cruiser Plaintiff was verbally indignant to the violation of his fourth, fifth, and fourteenth amendment constitutional rights, and violation of Texas Penal code Sec. 20.02 (d) by the officers.

22. Officer John Doe I proceeded to search all the contents of Plaintiff's wallet.

23. Asian Officer John Doe II began trying to pry out Plaintiff's car keys out of his hands that were cuffed behind him. Plaintiff held onto his keys to prevent it from being unlawfully

taken from his hand to prevent his car being unlawfully searched. Upon this, officer John Doe II threatened and verbally assaulted Plaintiff saying he would "slam Plaintiff to the concrete" if Plaintiff does not let go of his keys. John Doe I joined in the verbal assault.

24. Plaintiff's key was taken out of his hand and then John Doe II proceeded to open and search Plaintiff's car. John Doe then locked Plaintiff in the police cruiser and then proceeded to do a background check on Plaintiff using Plaintiff's driver license.

25. After doing this computerized search John Doe I proceeded to join John Doe II to search Plaintiff's car in the hopes of finding something incriminating to justify their illegal actions to no avail.

26. At this point in time they have ignore the original call of burglary and are now arbitrarily seizing and searching plaintiff's property without cause and in fact using the keys of the "alleged burglar" to gain entry into the vehicle.

27. They could not gain entry into the vehicle using the remote because the battery had been disconnected as stated earlier and then began to seek assistance from Plaintiff on how to operate the remote. The police were seeking assistance from an "alleged burglar" on how to open his car yet they had unlawfully arrested him, placed him in handcuffs, and imprison him in their cruiser without any cause.

28. The possession of the keys to the vehicle should have de-escalated this encounter immediately not to mention the vehicle discrepancy, and the fact that Plaintiff did not run away or act nervous when the police vehicles initially arrived – something that a well-trained officer should perceive and make appropriate judgments to handle the scenario. Also the alleged caller had left the scene and did not even wait for a couple minutes for the police to arrive.

29. After searching Plaintiff and Plaintiff's Mercedes-Benz and finding nothing at all be it weapon, tool, or illegal substances to justify any further arrest or imprisonment, they uncuffed Plaintiff and returned his property and keys without any remorse.

30. Plaintiff was then released at about 11:33 pm and he hurried to catch the last bus for the night to avoid being stranded.

31. It was shameful that in a country where people are hypocritically proclaimed to be "free" that an individual cannot stand next to his car (without a weapon or tool) without being harassed, embarrassed, his dignity trampled upon, arrested, and imprisoned without cause by police officers. Except for a war thorn zone, this will never happen in even the most undemocratic countries in the world. All of the rights violated are secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

32. The Defendants police chief Charles McClelland and City of Houston, failed to adequately supervise the Defendants, John Doe I and John Doe II.

33. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthier, active, and in better spirits. Since the time of the unwarranted search, arrest, imprisonment, public embarrassment, and the racist and malicious trampling of Plaintiff's dignity without cause, the Plaintiffs' ability to properly enjoy his usual activities, and to focus on his personal endeavors has been severely impaired. His image and perception before his friends and family has been further tarnished. In addition, the Plaintiff has suffered severe emotional distress and mental anguish affecting his psychological well-being. As a direct and proximate result of the intentional and/or

negligent acts of defendants, Plaintiff sustained severe mental and emotional suffering and injury in an amount that will be established at trial.

34. Plaintiff is entitled to compensation for the constitutional harms that the City of Houston, McClelland, Doe I, and Doe II inflicted upon him, including personal injury, loss of liberty, unlawful search and seizure of property, and invasion of privacy.

## COUNT I
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983
## GENERAL ALLEGATIONS

35. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

36. In committing the acts complained of herein, defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from false arrest; e) the right to be free from false imprisonment; f) the right to just compensation for damages and injury.

37. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal search, seizure, arrest, and imprisonment of Plaintiff. The illegal and warrantless search of plaintiff in spite of the scenario being different from that reported by the caller set into motion the chain of events that led to an unauthorized and warrantless illegal arrest, search, seizure, and imprisonment by defendants, in violation of

Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and in violation of Texas laws.

38. As a direct and proximate result of the violation of his constitutional rights by the defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §.

39. The conduct of defendants was willful, malicious, oppressive and reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein, especially because the officers could have averted breaking the law and violating Plaintiff's rights if they had reviewed the law and acted with care given that the scene was of no such that there was imminent danger.

## COUNT II
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983 (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES)

40. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

41. Defendant City of Houston that owns and operates the Houston Police Department (HPD), and the Houston Emergency Center implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Houston Police Department to illegally restrain, seize, search, arrest, handcuff, and imprison unarmed non-violent persons without adequate education and training on scenarios, constitutional rights, and the Texas Penal Code (the only law that describes when a HPD officer may lawfully restrain, arrest or imprison an individual in the State of Texas), and in such a way as to lead to violation of the constitutional rights of Plaintiff without cause.

42. Defendant Police Chief Charles McClelland who is in charge of training and supervising the Houston Police Department (HPD) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, was negligent in supervising and training the other defendant officers that included, among other things, of allowing employees of the Houston Police Department to illegally restrain, seize, search, arrest, handcuff, and imprison unarmed non-violent persons without adequate education and training on scenarios, constitutional rights, and the Texas Penal Code (the only law that describes when a HPD officer may lawfully restrain, arrest or imprison an individual in the State of Texas), and in such a way as to lead to violation of the constitutional rights of Plaintiff without cause.

43. Defendants John Doe I and John Doe II recklessly and maliciously violated federally protected constitutional rights of Mr. Emesowum including state laws that bars detaining or restraining anyone unless when effecting a *lawful arrest* (Texas Penal Code 20.02 (d)). Mr. Emesowum was never lawfully arrested by the defendants, John Doe I and John Doe II prior to them detaining, restraining, and imprisoning him.

44. Defendants John Doe I and John Doe II recklessly and maliciously violated federally protected rights against illegal seizures of persons, false arrest, and imprisonment against that led to the violation of Mr. Emesowum's right to freedom, and right against unreasonable search and seizure, and against unnecessary use of force and restraint.

45. Defendant City of Houston implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Houston Police Department to arbitrarily retrain and imprison individuals without proper protocol as to legality of such action and whether or not the right of the individual is being violated, or

to show care for the feelings and psychological well-being of Plaintiff having to go through such traumatic experience of being restrained and imprisoned.

46. The failure of the City of Houston to adequately train and supervise the defendants John Doe I and John Doe II amounts to deliberate indifference to the rights of Mr. Emesowum to be free from harassment, unlawful restraint and false arrest, false imprisonment, unreasonable and illegal search and seizures, and unlawful invasion of privacy under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

47. As a result of this deliberate indifference to Mr. Emesowum's rights, he suffered personal emotional injuries, damages, and violation of his constitutionally protected rights and is entitled to relief under 42 U.S.C. §1983.

48. In committing the acts complained of herein, Defendants acted under color of state law (which in fact they violated as complained above) to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for direct damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
## (USE OF EXCESSIVE FORCE)

49. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

50. The Defendant, City of Houston, Texas, has adopted policies, procedures, practices or customs within the Houston Police Department that allow, among other things, the use of

unnecessary and excessive force, restraint, and arrest when other more reasonable and less dramatic methods are available. There was no need for Plaintiff to be searched or put in handcuffs simply because some prejudicial and unreliable individual called police. Plaintiff had shown his keys to the officer and the officer could have simply requested Plaintiff to open the vehicle to verify if the vehicle belonged to Plaintiff. The officer could have also done a VIN check on the vehicle to see who owned the vehicle, all of which could have been done without restraining Plaintiff especially since Plaintiff was seen to have no weapons on him. The use of restraint was therefore an excessive and unnecessary force meant to undermine plaintiff's rights and was designed to disrespect and embarrass him because of his race.

51. The actions of defendant City of Houston, Texas amount to deliberate indifference to the rights of Mr. Emesowum to be free from unreasonable and excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

52. As a result of the deliberate indifference to Mr. Emesowum's rights by the City of Houston, Texas and its agents, servants and employees, Mr. Emesowum suffered serious personal emotional injuries, and damage to his dignity and reputation and is entitled to relief for recovery under 42 U.S.C. §1983.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983
## (FALSE ARREST)

53. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

54. In committing the acts complained of herein, defendants John Doe I and John Doe II acted under color of state law by falsely arresting and detaining Plaintiff with no basis in fact or law to do so. In violating Plaintiffs' right to be free from false arrest, the defendants violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

55. As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal emotional injuries, and special damages such as his dignity and reputation as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

## COUNT V
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
## (FALSE IMPRISONMENT)

56. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

57. Defendants John Doe I and John Doe II intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiff's right to liberty. Plaintiff asserts that the defendants breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without a warrant or mittimus from a court. The false imprisonment of Plaintiff is in violation of the fourth, Fifth and Fourteenth Amendments.

58. At no time during the detainment did Plaintiff resist or attempt to resist the defendant officers.

59. Plaintiff asserts that the Defendants are liable to him for false imprisonment.

60. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious emotional distress. By imprisoning Plaintiff they were violating the law and actually and proximately inflicted an outrageous violation of constitutional rights upon Mr. Emesowum including disrupting his personal life and other endeavors, for which defendants are liable and Plaintiff seek damages therefor and Plaintiff is entitled to compensatory and punitive damages therefor.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983**
**(DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW)**

61. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

62. Defendants John Doe I and John Doe II at the scene, intentionally violated the civil rights of the Plaintiffs by his malicious and wanton disregard for Plaintiffs' property rights. The seizure of Plaintiff's person, wallet, and car amounts to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

63. Defendant McClelland, Doe I, Doe II, and City of Houston, either with the specific intent to violate the Plaintiff's civil rights or with a reckless disregard of the probability of causing that violation, seized Plaintiff's property and forced him to watch them ransack his wallet and car without cause and as if he did not matter. As a result Plaintiff is entitled to compensatory and punitive damages under 42 U.S.C. §1983

**PRAYERS FOR RELIEF**

**WHEREFORE**, the above premises considered, Plaintiff demands:

1. That process issue to the defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of Plaintiff and against the defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past, present, and future; permanent injury and disability; loss of enjoyment of life; loss of privacy, and psychological expenses in the future.

4. That Plaintiff be awarded punitive damages against the defendants.

5. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6. That Plaintiff receive interests and any other further and general relief to which it may appear he is entitled.

Respectfully submitted by

_____ 09/22/15
Benedict Emesowum
P.O. BOX 53911
Houston, TX 77052
832-616-7499