Case 4:15-cv-02822 Document 18 Filed in TXSD on 01/07/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BENEDICT EMESOWUM, §
 §
    Plaintiff, §
VS. § CIVIL ACTION NO. 4:15-CV-2822
 §
CITY OF HOUSTON, *et al*, §
 §
    Defendants. §

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court are the defendants', the City of Houston and Charles McClelland, the Chief of Police for the City of Houston, motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) [Doc. No. 11] and the plaintiff's, Benedict Emesowum, response to the defendants' motion to dismiss [Doc. No. 16]. After a review of the motion and response and the exhibits tendered by the plaintiff attached to his response, the Court determines that the defendants' motion should be denied.

### II. FACTUAL BACKGROUND

The defendants accept the plaintiff's version of the facts as true for purposes of presenting and arguing their motion. The facts show that on July 20, 2015, in the late afternoon, the plaintiff was working on a salvage vehicle that he had transported to a lot located at the 1700 block of Wirt Road in Houston, Texas that he had permission to use. He purchased a 1997 Mercedes-Benz and parked it on the lot to repair it. While performing the repairs to the vehicle, two Houston Police Department ["HPD"] officers approached the plaintiff, responding to a "911" call that an individual "with a weapon", presumably the plaintiff, was breaking into an

automobile at that location.  The plaintiff observed the officers as they arrived and parked their vehicle behind his vehicle.  However, he continued performing his repairs.

The officers spoke to the plaintiff harshly, informing him that they were responding to a "911" call that a vehicle was being burglarized and ordered him to put his hands behind his back.  Although he protested, he complied and was handcuffed.  While protesting, the plaintiff informed the officers that he owned the vehicle and that he was in possession of the keys to the vehicle.  However, the officers ignored his statements and continued handcuffing him and, afterward, "dragged the [him] to [their] cruiser."

The plaintiff claims that while in front of the HPD cruiser, the officers were "verbally indignant."  They could not access the vehicle and demanded the keys.  When he protested, they pried the keys from his hand while threatening to slam him to the ground for refusing to let go of the keys.  However, the officers could not gain access to the vehicle with the keys because the battery had been removed.  They then demanded that the plaintiff assist them in accessing entry into the vehicle.  The plaintiff complied and the officers commenced a search.  They also searched the plaintiff, secured his driver's license and performed a background check, all while he remained handcuffed.

### III.   CONTENTIONS OF THE PARTIES

The defendants contend that the plaintiff's pleadings fail to state sufficient facts to support a 42 U.S.C. § 1983 cause of action against the City, the Chief of Police in his official capacity or the John Doe officers in their individual or official capacities.  In support of this claim, the defendants rely upon the elements of proof set out in *Thomas v. City of Galveston*, 800 F.Supp. 2d 826, 843-44 (S.D. Tex. 2011).  The defendants argue that because the plaintiff cannot establish the *Thomas* elements, he cannot escape the strictures of *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007), and related case law that require dismissal of his suit. Likewise, the defendants assert that the plaintiff's claims of excessive force, failure to train/supervise, false arrest, false imprisonment and "due process" against the City and the Chief fail.

In response, the plaintiff cites several incidents where HPD officers engaged in what the plaintiff describes as the practice of "arrest and ask questions later." The plaintiff attributes this type of conduct to his ethnicity or the race of the individual. He asserts that "where persons of African descent are" . . . approached by HPD they are generally treated as . . . "criminals just because of their skin pigmentation." The plaintiff also accuses the John Does and the City of hiding the identity of the responding officers, thereby obstructing his efforts to file a formal complaint with the HPD or serve them with process in this case. Such conduct, the plaintiff claims "implicitly and explicitly" shows that the City approves of the officers' conduct. Therefore, the plaintiff asserts violations of his Fourth, Fifth and Fourteenth Amendment rights under the federal Constitution.

### IV.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

V.     ANALYSIS AND CONCLUSION

The defendants' reliance on the elements of *Thomas* as the basis for dismissing the plaintiff's suit is unavailing.  The plaintiff's pleadings show:  (a) past incidents of alleged misconduct by HPD officers; (b) another occasion where the plaintiff, himself, allegedly suffered harm at the hands of HPD officers allegedly again without cause; and (c) that different officers were actors on each occasion.  Assuming that the plaintiff's thesis, that his African features played a role on each occasion that he was "mishandled", there is some evidence from which an inference may be drawn that a policy or practice is in place that permits HPD officers, without cause, to violate some African American citizens' "rights, privileges or immunities secured by the Constitution and laws of the United States on the basis of their ethnicity." *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  The records of the City and HPD are necessary to determine the merits of the plaintiff's allegations.  Therefore, dismissal at this stage would be inappropriate.

Moreover, the plaintiff's pleading do not need to be a work of perfection in order to overcome a motion to dismiss.  *See Federal Rules of Civil Procedure, (Rule 8)*; *see also Twombly*, 550 U.S. at 570.  The plaintiff's pleadings are sufficient to create a fact question.  Therefore, the Court finds that sufficient facts are stated to overcome the defendants' motion.  The plaintiff's claims against the City and/or the Chief of Police must also go forward.  It is the plaintiff's claim that the City's and/or Chief's "permissiveness" and policy/practice regarding how African Americans are handled by HPD is at the heart of each of his claims of false imprisonment, false arrest, excessive force, failure to train/supervise and due process.  Therefore, the defendants' motion to dismiss is DENIED.

The Court Directs the defendants to reveal the names of the officers involved in the "911" call as part of FRCP, Rule 26 disclosures.

It is so Ordered.

SIGNED on this 7th day of January, 2016.

_____
Kenneth M. Hoyt
United States District Judge