UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BENEDICT EMESOWUM, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 4:15-CV-2822
§
CITY OF HOUSTON, *et al*, §
§
    Defendants. §

## **MEMORANDUM**

### I.

Pursuant to remand from the Fifth Circuit Court of Appeals, the Court enters this "supplemental order" setting forth the factual scenario relevant to the defendants; Officer Cruz and To's, motion for summary judgment.

The resolution of the defendants' motion for summary judgment rests in the application of the defense of qualified immunity. Therefore, a court engages in a two-pronged inquiry: whether the facts, taken in the light most favorable to a plaintiff, show that a defendant violated a federal right that the plaintiff enjoyed. *Tolan v. Cotton*, 134 S. C. 1861, 1865 (2014).

### II.

In the case at bar, the plaintiff contends that: he was unlawfully detained, arrested without probable cause, assaulted both verbally and physically, his wallet was forcibly taken from his pockets along with his car keys; he was immediately placed in handcuffs and frisked and was pushed and dragged to the officer's vehicle where he was held while Officer Cruz engaged in a background check to determine whether he had outstanding warrants. According to the plaintiff, Officer Cruz engaged in this conduct even though he repeatedly told Officer Cruz

that the vehicle belonged to him and he had the papers and keys to prove it. The defendants do not dispute the plaintiff's version of events which facts also include the following.

a) the plaintiff informed Officer Cruz, when Officer Cruz approached during the handcuffing and throughout the ordeal, that he owned the vehicle that he was attempting to repair it;

b) Officer Cruz moved from a "pat down" frisk for weapons, after handcuffing the plaintiff, to performing a record search to determine whether the plaintiff had outstanding warrants;

c) Officer Cruz knew shortly after handcuffing the plaintiff that the plaintiff was not committing a burglary and that the vehicle belonged to him; and,

d) Officer Cruz refused to remove the handcuffs from the plaintiff, and return the plaintiff's wallet and keys only after he concluded the record's search for warrants.

### III.

Viewing the facts in the light most favorable to the plaintiff, the Court concluded that the defendants' conduct violated the plaintiff's Fourth Amendment right to be free from an unreasonable search and seizure and Houston Police Department General Order No. 600-17.

The second prong of the qualified immunity defense and analysis requires the Court to determine whether the federal right asserted by the plaintiff was "clearly established" at the time of the alleged violation. *Id.* at 1867 (citation omitted). The Court concluded that a citizen's rights against unreasonable searches and seizures is well established, and that Officers Cruz and To were well trained by HPD in this regard. In fact, the Department's General Order contemplates that an officer may initially overreact in a given situation and, therefore, instructs officers accordingly. *See* [DE# 60-8, (No. 600.17-1 para. 2)].

The Court concluded that Fourth Amendment guarantees were "clearly established" on July 15, 2015, that Officers Cruz and To were familiar with and trained in the use of force and that General Order No. 600-17 instructs the defendants to moderate a use of force when the

situation dictates. Nevertheless, the defendants ignored their duty under the federal Constitution and the HPD General Order. Hence, a disputed fact issue exists concerning the events that gave rise to this litigation that cannot be resolved as a matter of law favorable to the defendants. *Ibid.* (citing to *Brosseau v. Haughen*, 543 U.S. 194, 195, no. 2)(2004).

It is Ordered that this Memorandum be, forthwith, forwarded to the Fifth Circuit Court of Appeals pursuant to its directive.

It is so ORDERED.

SIGNED on this 1st day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge